FILED
United States Court of Appeals
Tenth Circuit

October 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL SALVATORE PARRINO,

Petitioner - Appellant,

v.

LOU ARCHULETA, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 15-1160
(D.C. No. 1:14-CV-02007-LTB)
(D. of Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.

---

Michael Salvatore Parrino, a state prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Parrino has not established that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 2253(a), we DENY a certificate of appealability and DISMISS the appeal.

## I.  Background

After a jury trial, Parrino was convicted of aggravated robbery, three counts of first-degree assault of a police officer, first-degree criminal trespass, and menacing.  Parrino is currently serving four consecutive 22-year sentences for the robbery and assault convictions and two three-year sentences, concurrently with the consecutive terms, for the trespass and menacing convictions.

We construe Parrino's petition liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  He makes three arguments: (1) ineffective assistance of counsel at the plea bargain stage due to a financial conflict of interest; (2) ineffective assistance of counsel at the post-conviction stage; and (3) double jeopardy as to the three counts of assault on a peace officer.

## II.  Analysis

We may grant a COA only if the defendant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When determining whether to grant a COA, we ask whether "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and citation omitted).

To prevail on an ineffective assistance of counsel claim, Parrino must show that "his attorney's performance 'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice." *Lucero v. Kerby,* 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 691–92 (1984)). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694). The Sixth Amendment right to counsel exists at the plea-bargaining stage as well as at trial. *Padilla v. Kentucky,* 559 U.S. 356, 374 (2010).

Parrino does not meet this standard. He first argues his trial counsel provided ineffective assistance by refusing to accept a 25-year plea agreement because counsel would earn more money by proceeding to trial. Accepting the factual findings of the state court, the district court found that this allegation lacked support. Among the eight findings cited, the court mentioned that the 25-year offer had expired before counsel took over the case, and also that it was Parrino's family, not his lawyer, who pressured him to go to trial. Based on these factual findings, Parrino does not satisfy his burden of proving deficient performance at the plea bargain stage.

Parrino also claims ineffective assistance of counsel at the state post-conviction stage. He seeks an evidentiary hearing to investigate the conduct of both his state post-conviction counsel and the government during remand proceedings. Parrino attempts to present new evidence that he did not present in state court. But AEDPA restricts the power of federal courts to grant evidentiary hearings in habeas cases. Under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), federal review of 2254(d)(1) petitions must be limited to the state court record. Therefore, Parrino's request must be denied.

Finally, Parrino presents a double jeopardy claim related to his assault convictions. We agree with the district court that because he failed to "fairly present" this claim in state court, he has anticipatorily procedurally defaulted. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides that "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Parrino would be barred from raising this unexhausted claim in state court.

Generally, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). The petitioner bears the burden of specifically alleging the

-4-

inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009). Parrino does not argue that Rule 35(c)(3)(VII) lacks an independent and adequate basis in state law. And even if he could raise a claim based on a fundamental miscarriage of justice, that claim must fail because Parrino presents no new evidence of his actual innocence.

## III. Conclusion

We agree with the district court that no reasonable jurist could conclude that Parrino has made a substantial showing of a violation of his constitutional rights. Accordingly, we DENY his request for a COA and DISMISS this appeal. We also DENY his motion for permission to proceed in forma pauperis.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge